**FILED**
**U.S. District Court**
**District of Kansas**
04/28/2026
**Clerk, U.S. District Court**
**By:** SND **Deputy Clerk**

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

DARSHAWN L. WITHERSPOON,

    **Plaintiff,**

    v.                             **CASE NO. 26-3065-JWL**

WYANDOTTE COUNTY, et al.,

    **Defendants.**

## MEMORANDUM AND ORDER

Plaintiff brings this pro se civil rights case under 42 U.S.C. § 1983. At the time of filing, Plaintiff was in custody at the Wyandotte County Jail in Kansas City, Kansas. Plaintiff alleges that officers tazed him and left something inside his body that is causing him to hear voices. (Doc. 1, at 2.) Plaintiff states that one of the officers claimed that Plaintiff threatened him, and Plaintiff claims that he "did time for that." *Id*. at 3. He claims that he was entrapped when a CI "posed a Smoke Shop and inticed [sic] [Plaintiff] to deliver" and he "did time for that." *Id*. at 4. Plaintiff seeks damages in the amount of $3,000,000 for ruining his life. *Id*. at 5.

On March 27, 2026, the Court entered a Memorandum and Order (Doc. 3) ("M&O") finding that Plaintiff is subject to the "three-strikes" provision under 28 U.S.C. § 1915(g), and denying Plaintiff leave to proceed in forma pauperis. The Court granted Plaintiff until April 27, 2026, to submit the $405 filing fee. The M&O provides that "[t]he failure to submit the fee by that date will result in the dismissal of this matter without prejudice and without additional prior notice." (Doc. 3, at 3.) Plaintiff has failed to pay the filing fee by the Court's deadline.

The Court's M&O was mailed to Plaintiff at his current address of record and was returned as undeliverable, with a notation that Plaintiff had left the facility. (Doc. 4.) The Court's Local Rules provide that "[e]ach attorney or pro se party must notify the clerk of any change of address

or telephone number." D. Kan. Rule 5.1(b)(3). The Federal Rules of Civil Procedure provide that a paper is served by "mailing it to the person's last known address—in which event service is complete upon mailing." Fed. R. Civ. P. 5(b)(2)(C). Plaintiff has failed to provide the Court with a Notice of Change of Address.

Rule 41(b) of the Federal Rules of Civil Procedure "authorizes a district court, upon a defendant's motion, to order the dismissal of an action for failure to prosecute or for failure to comply with the Federal Rules of Civil Procedure or 'a court order.'" *Young v. U.S.*, 316 F. App'x 764, 771 (10th Cir. 2009) (citing Fed. R. Civ. P. 41(b)). "This rule has been interpreted as permitting district courts to dismiss actions *sua sponte* when one of these conditions is met." *Id.* (citing *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630–31 (1962); *Olsen v. Mapes*, 333 F.3d 1199, 1204 n.3 (10th Cir. 2003)). "In addition, it is well established in this circuit that a district court is not obligated to follow any particular procedures when dismissing an action *without prejudice* under Rule 41(b)." *Young*, 316 F. App'x at 771–72 (citations omitted).

Plaintiff has failed to pay the filing fee by the deadline set forth in the Court's order. As a consequence, the Court dismisses this action without prejudice pursuant to Rule 41(b) for failure to comply with court orders.

**IT IS THEREFORE ORDERED BY THE COURT** that this action is **dismissed without prejudice** pursuant to Fed. R. Civ. P. 41(b).

**IT IS SO ORDERED**.

Dated April 28, 2026, in Kansas City, Kansas.

**S/ John W. Lungstrum**
**JOHN W. LUNGSTRUM**
**UNITED STATES DISTRICT JUDGE**

2